**EXHIBIT A**

## IN THE IOWA DISTRICT COURT FOR SCOTT COUNTY

PATRICK O'LEARY, )
)
    Plaintiff, )
) No: *LACE 133704*
v. )
) **ORIGINAL NOTICE**
ST. AMBROSE UNIVERSITY, )
)
    Defendant. )

**TO THE ABOVE NAMED DEFENDANT: ST. AMBROSE UNIVERSITY, c/o Judith Herrmann, 220 N. Main St., Ste 600, Davenport, IA 52801**

    You are hereby notified that there is now on file in the office of the clerk of the above court, a Petition in the above-entitled action, a copy of which Petition is attached hereto. The plaintiff's attorney is John F. Doak (AT0002143), Katz Nowinski P.C., whose address is 1000 - 36th Avenue, IL 61265, telephone: 309-797-3000, fax: 309-797-2167 and email: jdoak@ katzlawfirm.com.

    You are further notified that unless, within twenty (20) days after service of this Original Notice upon you, you serve, and within a reasonable time thereafter file, a motion or answer in the Iowa District Court for Scott County, at the county courthouse in Davenport, Iowa, judgment by default will be rendered against you for the relief demanded in the Petition. This county utilizes electronic filing and you should refer to Iowa Court Rules Chapter 16 for general rules and information on electronic filing. (SEAL)

                              _____

                              CLERK OF THE COURT
                              Scott County Courthouse
                              Davenport, Iowa

                                          If you require the assistance of auxiliary aids
                                        or services to participate in court because of
                                        a disability, immediately call your District ADA
                                        Coordinator at 328-4145. (If you are hearing
                                        impaired, call Relay Iowa TTY at 1-800-735-
                                        2942).

# STATE OF IOWA JUDICIARY

*Case No.* LACE133704

*County* Scott

*Case Title* OLEARY PATRICK VS ST AMBROSE UNIVERSITY

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(563) 328-4145** . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued*   03/25/2021 08:43:34 AM



*District Clerk of* Scott          *County*
/s/ Jeannine Leibold

IN THE IOWA DISTRICT COURT FOR SCOTT COUNTY

PATRICK O'LEARY,                          )
                                          )
     Plaintiff,                          )
                                          )     No: LACE 133704
v.                                        )
                                          )     **PETITION AT LAW**
ST. AMBROSE UNIVERSITY,                   )
                                          )
     Defendant.                          )

Plaintiff, Patrick O'Leary, by and through his attorneys, Katz Nowinski, P.C., for

his Petition at Law against the Defendant, ST. AMBROSE UNIVERSITY, states:

### **DIVISION I – Breach of Contract (Retirement Incentive)**

1. Plaintiff Patrick O'Leary ("Plaintiff" or "O'Leary") is and was a citizen of the

State of Iowa at all times relevant to this Complaint.

2. ST. AMBROSE UNIVERSITY ("Defendant" or "St. Ambrose") is and was

an Iowa Non-Profit corporation with its principal place of business in Davenport, Scott

County, Iowa, authorized to do business in the State of Iowa at all times relevant to this

cause of action.

3. Plaintiff was employed continuously on a full-time basis by St. Ambrose since

2000.

4. Plaintiff was last employed full-time by the Defendant as an Associate

Professor pursuant to a 2019-2020 annual contract, a true and correct copy which is

attached hereto and made part of this pleading as Exhibit 1.

5. On May 1, 2020, Saint Ambrose, by and through its authorized agent, Paul C.

Koch, Provost and Vice President for Academic and Student Affairs, offered to Plaintiff,

Patrick O'Leary, as well as an entire category of full-time faculty members, an early

1

retirement incentive plan entitled "Saint Ambrose University Voluntary Incentive Retirement For Full-Time Faculty Members" (hereinafter "the plan") and consisting, primarily, of the payment of one -year of base salary to those eligible faculty members who accepted the offer. A true and correct copy of the plan is attached hereto as Exhibit 2.

6. The deadline to submit for early retirement was June 15, 2020.

7. In order to be eligible, an employee must have been a full- time faculty member who attained the age of 55 years before June 30, 2020 and the sum of the employee's age and years of full-time employment with the University must equal or exceed 76 on June 30, 2020.

8. In May 2020, O'Leary was qualified for the voluntary incentive retirement because, in May 2020, he was a full-time faculty member, he was 64 years old, he had worked as a full-time employee for Saint Ambrose for 20 years, and the sum of his age and years of experience exceeded 76 (his sum of age and years of experience was at 84).

9. At no time prior to May 21, 2020 did St. Ambrose University modify, suspend or terminate the "Saint Ambrose University Voluntary Incentive Retirement For Full-Time Faculty Members" plan.

10. In fact, on May 15, Saint Ambrose, by and through its authorized agent, Paul C. Koch, Provost and Vice President for Academic and Student Affairs, sent a reminder email to faculty, including plaintiff, reiterating that the plan was still available.

11. On May 21, 2020, O'Leary applied for the voluntary retirement package by executing and delivering the designated Voluntary Retirement Incentive Election and Beneficiary Designation Form to Saint Ambrose, by and through its authorized agent,

Paul C. Koch, Provost and Vice President for Academic and Student Affairs. (See
attached Exhibits 3 and 4).

12. During the afternoon of May 21, 2020, plaintiff received written confirmation
of St. Ambrose's receipt of his application for "Saint Ambrose University Voluntary
Incentive Retirement For Full-Time Faculty Members" from Saint Ambrose, by and
through its authorized agent, Paul C. Koch, Provost and Vice President for Academic and
Student Affairs.

13. Plaintiff's application was timely.

14. Specifically, plaintiff's application was timely for at least two reasons:

    a. The terms of the Voluntary Incentive Retirement Plan state that
acceptance did not need to be submitted until June 15, 2020, and
plaintiff's application was submitted on May 21, 2020; and

    b. At the time plaintiff submitted his request, his contract was still in effect,
and he was still employed through May 25, 2020.

15. On May 22, 2020 St. Ambrose notified plaintiff in writing, as required by his
contract, that his contract would not be renewed for the 2020-21 academic year and his
employment would end on May 25.

16. Also on May 22, 2020 St. Ambrose notified plaintiff that his May 21,2020
acceptance of the "Saint Ambrose University Voluntary Incentive Retirement For Full-
Time Faculty Members" plan benefit was rejected or not effective.

17. Plaintiff avers that there was a valid offer and acceptance of the "Saint
Ambrose University Voluntary Incentive Retirement For Full-Time Faculty Members",
that there was a binding contractual obligation once St. Ambrose received his May 21
acceptance and beneficiary designation forms.

3

18. St. Ambrose has failed and refused to pay plaintiff the benefits he was entitled to under the "Saint Ambrose University Voluntary Incentive Retirement For Full-Time Faculty Members" plan; and specifically refused to pay and continues to refuse to pay plaintiff any benefits under the "Saint Ambrose University Voluntary Incentive Retirement For Full-Time Faculty Members" plan.

19. St. Ambrose is in breach of contract.

20. Plaintiff has suffered damages in the amount of $86,097.

21. Plaintiff is entitled to and seeks prejudgment interest and costs.

WHEREFORE, Patrick O'Leary hereby requests that this Court enter judgment in his favor and against ST. AMBROSE UNIVERSITY, for affirmative relief including payment of 100% of plaintiff's most recent base pay from his 2019-2020 contract in the amount of $86,097, plus prejudgment interest at the statutory rate and all court costs and such other and further equitable relief as the court deems necessary and appropriate.

## DIVISION II – IOWA WAGE PAYMENT AND COLLECTION LAW
### (Retirement Incentive)

1. Plaintiff Patrick O'Leary ("Plaintiff" or "O'Leary") is and was a citizen of the State of Iowa at all times relevant to this Complaint.

2. ST. AMBROSE UNIVERSITY ("Defendant" or "St. Ambrose") is and was an Iowa Non-Profit corporation with its principal place of business in Davenport, Scott County, Iowa, authorized to do business in the State of Iowa at all times relevant to this cause of action.

3. Plaintiff was employed continuously on a full-time basis by St. Ambrose since 2000.

4

4. Plaintiff was last employed full-time by the Defendant as an Associate Professor pursuant to a 2019-2020 annual contract, a true and correct copy which is attached hereto and made part of this pleading as Exhibit 1.

5. On May 1, 2020, Saint Ambrose, by and through its authorized agent, Paul C. Koch, Provost and Vice President for Academic and Student Affairs, offered to Plaintiff, Patrick O'Leary, as well as an entire category of full-time faculty members, an early retirement incentive plan entitled "Saint Ambrose University Voluntary Incentive Retirement For Full-Time Faculty Members" (hereinafter "the plan") and consisting, primarily, of the payment of one -year of base salary to those eligible faculty members who accepted the offer. A true and correct copy of the plan is attached hereto as Exhibit 2.

6. The deadline to submit for early retirement was June 15, 2020.

7. In order to be eligible, an employee must have been a full- time faculty member who attained the age of 55 years before June 30, 2020 and the sum of the employee's age and years of full-time employment with the University must equal or exceed 76 on June 30, 2020.

8. In May 2020, O'Leary was qualified for the voluntary incentive retirement because, in May 2020, he was a full-time faculty member, he was 64 years old, he had worked as a full-time employee for Saint Ambrose for 20 years, and the sum of his age and years of experience exceeded 76 (his sum of age and years of experience was at 84).

9. At no time prior to May 21, 2020 did St. Ambrose University modify, suspend or terminate the "Saint Ambrose University Voluntary Incentive Retirement For Full-Time Faculty Members" plan.

5

10. In fact, on May 15, Saint Ambrose, by and through its authorized agent, Paul C. Koch, Provost and Vice President for Academic and Student Affairs, sent a reminder email to faculty, including plaintiff, reiterating that the plan was still available.

11. On May 21, 2020, O'Leary applied for the voluntary retirement package by executing and delivering the designated Voluntary Retirement Incentive Election and Beneficiary Designation Form to Saint Ambrose, by and through its authorized agent, Paul C. Koch, Provost and Vice President for Academic and Student Affairs. (See attached Exhibits 3 and 4).

12. During the afternoon of May 21, 2020, plaintiff received written confirmation of St. Ambrose's receipt of his application for "Saint Ambrose University Voluntary Incentive Retirement For Full-Time Faculty Members" from Saint Ambrose, by and through its authorized agent, Paul C. Koch, Provost and Vice President for Academic and Student Affairs.

13. Plaintiff's application was timely.

14. Specifically, plaintiff's application was timely for at least two reasons:

    a.   The terms of the Voluntary Incentive Retirement Plan state that acceptance did not need to be submitted until June 15, 2020, and plaintiff's application was submitted on May 21, 2020; and

    b.  At the time plaintiff submitted his request, his contract was still in effect, and he was still employed through May 25, 2020.

15. On May 22, 2020 St. Ambrose notified plaintiff in writing, as required by his contract, that his contract would not be renewed for the 2020-21 academic year and his employment would end on May 25.

6

16.  Also on May 22, 2020 St. Ambrose notified plaintiff that his May 21,2020 acceptance of the "Saint Ambrose University Voluntary Incentive Retirement For Full-Time Faculty Members" plan benefit was rejected or not effective.

17.  Plaintiff avers that there was a valid offer and acceptance of the "Saint Ambrose University Voluntary Incentive Retirement For Full-Time Faculty Members", that there was a binding contractual obligation once St. Ambrose received his May 21 acceptance and beneficiary designation forms.

18.  St. Ambrose has failed and refused to pay plaintiff the benefits he was entitled to under the "Saint Ambrose University Voluntary Incentive Retirement For Full-Time Faculty Members" plan; and specifically refused to pay and continues to refuse to pay plaintiff any benefits under the "Saint Ambrose University Voluntary Incentive Retirement For Full-Time Faculty Members" plan.

19. "Wages" are defined under the Iowa Wage Payment Collection Act to include "severance payments which are due an employee under an agreement with the employer or under a policy of the employer." (Iowa Code § 91A.2(7)(b).)

20.  The "Saint Ambrose University Voluntary Incentive Retirement For Full-Time Faculty Members" was a policy and severance payment plan offered by St. Ambrose and accepted by Plaintiff.

21.  Plaintiff is due unpaid "wages" in the amount of $86,097.

22. Defendant's violation of the IWPCL was intentional, and therefore Defendant is liable to Plaintiffs for liquidated damages as described in Iowa Code § 91A.2(6) and 91A.8 up to an additional amount not to exceed $86,097.

7

23. Pursuant to Iowa Code § 91A.8, defendant is further liable for court costs and usual and necessary attorney's fees incurred in recovering the unpaid wages or expenses.

WHEREFORE, Patrick O'Leary hereby requests that this Court enter judgment in his favor and against ST. AMBROSE UNIVERSITY, for affirmative relief including payment of 100% of plaintiff's most recent base pay from his 2019 contract ($86,097), for liquidated damages pursuant to Iowa Code § 91A.8 up to an additional $86,097, and an amount equal to reasonable attorneys' fees and court costs, including expert witness fees, pursuant to Iowa Code § 91A.8, prejudgment interest and that the court grant such other and further equitable relief as the court deems necessary and appropriate.

## DIVISION III – ERISA VIOLATION (Retirement Incentive)

1. Plaintiff Patrick O'Leary ("Plaintiff" or "O'Leary") is and was a citizen of the State of Iowa at all times relevant to this Complaint.

2. ST. AMBROSE UNIVERSITY ("Defendant" or "St. Ambrose") is and was an Iowa Non-Profit corporation with its principal place of business in Davenport, Scott County, Iowa, authorized to do business in the State of Iowa at all times relevant to this cause of action.

3. Plaintiff was employed continuously on a full-time basis by St. Ambrose since 2000.

4. Plaintiff was last employed full-time by the Defendant as an Associate Professor pursuant to a 2019-2020 annual contract, a true and correct copy which is attached hereto and made part of this pleading as Exhibit 1.

5. On May 1, 2020, Saint Ambrose, by and through its authorized agent, Paul C. Koch, Provost and Vice President for Academic and Student Affairs, offered to Plaintiff,

Patrick O'Leary, as well as an entire category of full-time faculty members, an early

retirement incentive plan entitled "Saint Ambrose University Voluntary Incentive

Retirement For Full-Time Faculty Members" (hereinafter "the plan") and consisting,

primarily, of the payment of one -year of base salary to those eligible faculty members

who accepted the offer. A true and correct copy of the plan is attached hereto as Exhibit

2.

6. The deadline to submit for early retirement was June 15, 2020.

7.   In order to be eligible, an employee must have been a full- time faculty

member who attained the age of 55 years before June 30, 2020 and the sum of the

employee's age and years of full-time employment with the University must equal or

exceed 76 on June 30, 2020.

8.  In May 2020, O'Leary was qualified for the voluntary incentive retirement

because, in May 2020, he was a full-time faculty member, he was 64 years old, he had

worked as a full-time employee for Saint Ambrose for 20 years, and the sum of his age

and years of experience exceeded 76 (his sum of age and years of experience was at 84).

9.  At no time prior to May 21, 2020 did St. Ambrose University modify, suspend

or terminate the "Saint Ambrose University Voluntary Incentive Retirement For Full-

Time Faculty Members" plan.

10.  In fact, on May 15, Saint Ambrose, by and through its authorized agent, Paul

C. Koch, Provost and Vice President for Academic and Student Affairs, sent a reminder

email to faculty, including plaintiff, reiterating that the plan was still available.

11.  On May 21, 2020, O'Leary applied for the voluntary retirement package by

executing and delivering the designated Voluntary Retirement Incentive Election and

9

Beneficiary Designation Form to Saint Ambrose, by and through its authorized agent, Paul C. Koch, Provost and Vice President for Academic and Student Affairs. (See attached Exhibits 3 and 4).

12. During the afternoon of May 21, 2020, plaintiff received written confirmation of St. Ambrose's receipt of his application for "Saint Ambrose University Voluntary Incentive Retirement For Full-Time Faculty Members" from Saint Ambrose, by and through its authorized agent, Paul C. Koch, Provost and Vice President for Academic and Student Affairs.

13. Plaintiff's application was timely.

14. Specifically, plaintiff's application was timely for at least two reasons:

   a.   The terms of the Voluntary Incentive Retirement Plan state that acceptance did not need to be submitted until June 15, 2020, and plaintiff's application was submitted on May 21, 2020; and

   b.   At the time plaintiff submitted his request, his contract was still in effect, and he was still employed through May 25, 2020.

15. On May 22, 2020 St. Ambrose notified plaintiff in writing, as required by his contract, that his contract would not be renewed for the 2020-21 academic year and his employment would end on May 25.

16. Also on May 22, 2020 St. Ambrose notified plaintiff that his May 21,2020 acceptance of the "Saint Ambrose University Voluntary Incentive Retirement For Full-Time Faculty Members" plan benefit was rejected or not effective.

17. Plaintiff avers that there was a valid offer and acceptance of the "Saint Ambrose University Voluntary Incentive Retirement For Full-Time Faculty Members", that there was a binding contractual obligation once St. Ambrose received his May 21 acceptance and beneficiary designation forms.

18. St. Ambrose has failed and refused to pay plaintiff the benefits he was entitled to under the "Saint Ambrose University Voluntary Incentive Retirement For Full-Time Faculty Members" plan; and specifically refused to pay and continues to refuse to pay plaintiff any benefits under the "Saint Ambrose University Voluntary Incentive Retirement For Full-Time Faculty Members" plan.

19. Defendant's Retirement Incentive plan (the St. Ambrose University Voluntary Incentive Retirement for Full-Time Faculty Members) is or qualifies as an employee "welfare benefit plan" under ERISA because the plan is to pay employee's severance benefits, and the benefits are only payable upon employee's termination.

20. Plaintiff was an eligible "participant," under said employee "welfare benefits plan".

21. Pursuant to ERISA Section 502(c)(1)(B), (29 U.S.C. § 1132), plaintiff brings this action to recover benefits due him under the plan, specifically 100% of his most recent base pay in the amount of $86,097, pursuant to the voluntary incentive retirement plan.

22. Pursuant to 29 U.S.C. § 1132(g), plaintiff may be entitled to and seeks "reasonable attorney's fee and costs of action."

WHEREFORE, Patrick O'Leary hereby requests that this Court enter judgment in his favor and against ST. AMBROSE UNIVERSITY, for affirmative relief including payment of 100% of plaintiff's most recent base pay from his 2019 contract ($86,097), and an amount equal to reasonable attorneys' fees and court costs, including expert witness fees, pursuant to 29 U.S.C. § 1132(g), plus prejudgment interest and that the court grant such other and further equitable relief as the court deems necessary and appropriate.

11

## DIVISION IV – Breach of Contract (Policy of 12 months' notice )

1. Plaintiff Patrick O'Leary ("Plaintiff" or "O'Leary") is and was a citizen of the State of Iowa at all times relevant to this Complaint.

2. ST. AMBROSE UNIVERSITY ("Defendant" or "St. Ambrose") is and was an Iowa Non-Profit corporation authorized to do business in the State of Iowa at all times relevant to this cause of action.

3. Plaintiff was employed full-time by St. Ambrose since 2000, when he was hired as Director of International Ventures in the College of Business; the original appointment letter stated "The position also has faculty rank...as an Assistant Professor."

4. In 2010, plaintiff received a full-time faculty appointment with the rank of Associate Professor.

5. Plaintiff's 2019 annual contract, a true and correct copy which is attached hereto and made part of this pleading as Exhibit 1, provides in part that plaintiff and therefore his contractual relationship with St. Ambrose was "subject to the rules, regulations, and requirements established by the university, including but not limited to the Faculty Handbook and the Universal Handbook...".

6. In addition, the Faculty Handbook provisions likewise indicate that the provisions of the Handbook are applicable and controlling to the contractual relationship of the parties. See for example, *Section 2.2.13:* "...faculty contracts are construed and interpreted in light of the provisions of the Faculty Handbook." See attached Exhibit 5.

7.  The Faculty Handbook also contains a section on Layoff, Termination and Recall Procedures in Cases of Curtailment or Financial Stress, section 3.6, a copy of which is attached as Exhibit 6.

8.  Due to concerns of falling enrollment, demographics and/or the covid pandemic, St. Ambrose was concerned about curtailing its offerings, reducing the number of employees and /or was in a period of financial stress during the 2019-2020 academic year.

9. St. Ambrose's policy set forth in Exhibit 6 provides that a certain policy is to be applied in "Layoff or Retrenchment", which policy provided that plaintiff would receive at least 12 months of notice if he were to be subject to either layoff or retrenchment when there occurred curtailment or financial stress.  See exhibit 6, *Section 3.6.5* Written Notification of Layoff or Retrenchment, stating:

> "Tenured faculty and non-tenured faculty with more than two years of service shall receive at least 12 months notice of lay off."

10.  On or about May 21, 2020, St. Ambrose (specifically Dr. Maritza Espina, Dean of College of Business, in the presence of Audrey Blair, Director of Human Resources at St. Ambrose) gave O'Leary verbal notification that his contract would expire on May 25, 2020 and would not be renewed.

11.  In a written notice received by O'Leary on May 22, 2020, from Dr. Paul Koch, Provost and Vice President of Academic Affairs and Student Affairs, St. Ambrose asserted that the non-renewal was because the "tremendous financial strain" caused by the Covid-19 pandemic was impacting staffing levels across the university.

13

12. Plaintiff fulfilled his obligations under the aforementioned employment contract and Faculty Handbook.

13. Defendant breached its employment contract with plaintiff, including the provisions of the Faculty Handbook incorporated into that contract, because Plaintiff did not receive 12-months of notice of University action(s) as required under Section 3.6.5.

14. As a direct and proximate result of such action by St. Ambrose, Plaintiff has suffered damages in an amount equal to his salary pursuant to his 2019 contract in the amount of $86,097 plus benefits (see Exhibit 1.)

WHEREFORE, Patrick O'Leary hereby requests that this Court enter judgment in his favor and against ST. AMBROSE UNIVERSITY, for affirmative relief including payment of 12 months of salary in lieu of 12 months' notice of nonrenewal, in the amount of $86,097  plus the reasonable value of his employment benefits for 12 months plus prejudgment interest at the statutory rate and all court costs and  such other and further equitable relief as the court deems necessary and appropriate.


## DIVISION V – IOWA WAGE PAYMENT AND COLLECTION LAW
### (Policy of 12 months' notice )

1. Plaintiff Patrick O'Leary ("Plaintiff" or "O'Leary") is and was a citizen of the State of Iowa at all times relevant to this Complaint.

2. ST. AMBROSE UNIVERSITY ("Defendant" or "St. Ambrose") is and was an Iowa Non-Profit corporation authorized to do business in the State of Iowa at all times relevant to this cause of action.

3.   Plaintiff was employed full-time by St. Ambrose since 2000, when he was hired as Director of International Ventures in the College of Business; the original appointment letter stated "The position also has faculty rank...as an Assistant Professor."

4.   In 2010, plaintiff received a full-time faculty appointment with the rank of Associate Professor.

5.   Plaintiff's 2019 annual contract, a true and correct copy which is attached hereto and made part of this pleading as Exhibit 1, provides in part that plaintiff and therefore his contractual relationship with St. Ambrose was "subject to the rules, regulations, and requirements established by the university, including but not limited to the Faculty Handbook and the Universal Handbook...".

6.   In addition, the Faculty Handbook provisions likewise indicate that the provisions of the Handbook are applicable and controlling to the contractual relationship of the parties.  See for example, *Section 2.2.13:* "...faculty contracts are construed and interpreted in light of the provisions of the Faculty Handbook." See attached Exhibit 5

7.   The Faculty Handbook also contains a section on Layoff, Termination and Recall Procedures in Cases of Curtailment or Financial Stress, section 3.6, a copy of which is attached as Exhibit 6.

8.   Due to concerns of falling enrollment, demographics and/or the covid pandemic, St. Ambrose was concerned about curtailing its offerings, reducing the number of employees and /or was in a period of financial stress during the 2019-2020 academic year.

9. St. Ambrose's policy set forth in Exhibit 6 provides that a certain policy is to be applied in "Layoff or Retrenchment", which policy provided that plaintiff would receive

15

at least 12 months of notice if he were to be subject to either layoff or retrenchment when there occurred curtailment or financial stress. See *Section 3.6.5* Written Notification of Layoff or Retrenchment, stating:

> "Tenured faculty and non-tenured faculty with more than two years of service shall receive at least 12 months notice of lay off."

10.  On or about May 21, 2020, St. Ambrose (specifically Audrey Blair, Director of Human Resources at St. Ambrose) gave O'Leary verbal notification that his contract would expire on May 25, 2020 and would not be renewed.

11.  In a written notice O'Leary received on May 22, 2020, from Dr. Paul Koch, Provost and Vice President of Academic Affairs and Student Affairs, St. Ambrose asserted that the non-renewal was because the "tremendous financial strain" caused by the Covid-19 pandemic was impacting staffing levels across the university.

12.  Plaintiff fulfilled all of his obligations under the aforementioned employment contract and Faculty Handbook.

13.  Defendant breached its employment contract with plaintiff, including the provisions of the Faculty Handbook incorporated into that contract, because Plaintiff did not receive 12-months of advanced notice of University action(s) as required under Section 3.6.5.

14. As a direct and proximate result of such action by St. Ambrose, Plaintiff has suffered damages in an amount equal to his salary pursuant to his 2019 contract in the amount of $86,097 plus the reasonable value of his employment benefits for 12 months (see Exhibit 1).

16

15. The amount due plaintiff is "wages" as defined in the Iowa Wage Payment Collection Law (hereinafter IWPCL) found at Iowa Code Section 91A.2(7)(c), which includes, but is not limited to "compensation owed by an employer for … any payments to the employee ….which are due to an employee under an agreement with the employer or under a policy of the employer".

16. Defendant's violation of the IWPCL was intentional, and therefore Defendant is liable to Plaintiffs for liquidated damages as described in Iowa Code § 91A.2(6) and 91A.8 up to an additional amount not to exceed $86,097 plus the reasonable value of his employment benefits for 12 months.

17. Pursuant to Iowa Code § 91A.8, defendant is further liable for court costs and usual and necessary attorney's fees incurred in recovering the unpaid wages or expenses.

WHEREFORE, Patrick O'Leary hereby requests that this Court enter judgment in his favor and against ST. AMBROSE UNIVERSITY, for affirmative relief including payment of 12 months of pay and benefits ($86,097 plus the reasonable value of his employment benefits for 12 months), for liquidated damages pursuant to Iowa Code § 91A.8 up to an additional $86,097 plus the reasonable value of his employment benefits for 12 months, and an amount equal to reasonable attorneys' fees and court costs, including expert witness fees, pursuant to Iowa Code § 91A.8, prejudgment interest and that the court grant such other and further equitable relief as the court deems necessary and appropriate.

## DIVISION VI- AGE DISCRIMINATION UNDER THE IOWA HUMAN RIGHTS ACT, IOWA CODE, CHAPTER 216.1, *ET SEQ.*

1.  Plaintiff Patrick O'Leary ("Plaintiff" or "O'Leary") is and was a citizen of the State of Iowa at all times relevant to this Complaint.

2.  ST. AMBROSE UNIVERSITY ("Defendant" or "St. Ambrose") is and was an Iowa Non-Profit corporation authorized to do business in the State of Iowa at all times relevant to this cause of action.

3.  O'Leary was first hired full-time at St. Ambrose University in 2000 as Director of International Ventures in the College of Business with Assistant Faculty rank, after being a part-time adjunct professor for four years.

4. In April 2010, St. Ambrose appointed O'Leary as a non-tenure track Associate Professor in the Department of Managerial Studies beginning August 15, 2010.

5.  Plaintiff timely filed his charge of discrimination with the Iowa Civil Rights Commission ("ICRC") on or about October 26, 2020, and has been issued his Administrative Release (Right to Sue) Letter by the ICRC, and has otherwise exhausted his administrative remedies.  (Exhibit 7, a true and correct copy of the "Administrative Release (Right to Sue) Letter" dated December 31, 2020, is attached hereto and made a part of this Complaint.).

6.  At all times material to this claim, plaintiff performed his job duties to the satisfaction of his employer.

7.  O'Leary is over the age of 40; specifically, and he was sixty-four years of age at times material to this claim.

8.  On or about May 21, 2020, St. Ambrose gave O'Leary verbal notification, and a written notice on May 22, 2020, that his contract would expire on May 25, 2020 and would not be renewed.

18

9. St. Ambrose asserted that the non-renewal was because of the 'tremendous financial strain' caused by the Covid-19 pandemic and was impacting staffing levels across the university.

10. The College of Business where O'Leary was based contained several other non-tenured faculty.

11. The other non-tenured faculty were all significantly younger than O'Leary, had fewer years of service and the younger non-tenured faculty did not suffer non-renewal of their contracts.

12. In addition, St. Ambrose failed to follow the provisions of its policy handbook when exercising layoffs based on financial stress, favoring the younger non-tenured employees of substantially younger age.

13. Defendant's alleged reason for termination or non-renewal, that O'Leary was not subject to advance notice requirements for layoff was false and was a pre-text to the real reason for plaintiff's termination or non-renewal.

14. Defendant terminated or failed to renew plaintiff because of his age and the desire to protect the younger tenure track employees.

15. Defendant discriminated against plaintiff on the basis of his age in violation of Iowa Code § 216.6.

16. As a direct and proximate result of defendant's acts of age discrimination, plaintiff has suffered damages, including loss of pay and benefits, mental and emotional distress, and is further entitled to recover his costs, including reasonable attorneys' fees and expert witness fees, pursuant to Iowa Code § 216.15, and is entitled to equitable relief as the court deems appropriate.

19

E-FILED 2021 MAR 24 3:05 PM SCOTT - CLERK OF DISTRICT COURT

WHEREFORE, Patrick O'Leary hereby requests that this Court enter judgment in his favor and against ST. AMBROSE UNIVERSITY, for affirmative relief including back wages and benefits, loss of employment, reinstatement or front pay, compensatory damages, plus prejudgment interest and the costs of the action, and an amount equal to reasonable attorneys' fees and court costs, including expert witness fees, pursuant to Iowa Code § 216.15, and that the court grant such other and further equitable relief as the court deems necessary and appropriate.

**Plaintiff demands a trial by jury on all appropriate claims.**

PATRICK O'LEARY,
Plaintiff,

By: /s/ John F. Doak
John F. Doak, No. AT0002143
Katz Nowinski P.C.
Attorneys for Plaintiff
1000 36th Avenue
Moline, IL 61265
Telephone: (309) 797-3000
Facsimile: (309) 797-3330
Email:  jdoak@katzlawfirm.com

## ST. AMBROSE UNIVERSITY
## FACULTY CONTRACT

St. Ambrose University, Davenport, Iowa (the "**University**"), and Patrick O'Leary, SAU ID No.041760 (the "**Faculty Member**") hereby understand and agree as follows:

**Article I.** The University employs the Faculty Member as a non-tenure track Associate Professor in the Department of Managerial Studies.

**Article II.** The Faculty Member will perform well and faithfully to the satisfaction of the University the work entrusted to him/her by the University to: instruct to the best of his/her ability such students as may be assigned to his/her classes; carry out all other such duties assigned to faculty members; and, conduct his/her personal and social life so that no scandal or unfavorable publicity shall accrue to St. Ambrose University. The Faculty Member understands that this Contract will only become effective upon receipt of satisfactory results of a background check on the Faculty Member, and in the event issues are raised in the background check that may impact the appointment, this Contract will be withdrawn. The Faculty Member also understands that he/she is subject to the rules, regulations and requirements established by the University, including but not limited to the Faculty Handbook and the Universal Handbook, which may be amended and modified by the University.

**Article III.** The University shall pay the Faculty Member a salary of $86,097, less deductions for applicable state and federal taxes, payable in equal installments over a twelve (12) month period, which will be electronically deposited directly into a banking account designated by the Faculty Member.

The University may consider compensation adjustments in the fall of each year, and the University will communicate in writing to the Faculty Member regarding any adjustment that is approved by the University. An adjustment would be a potential increase of the Faculty Member's salary, but any such increase is determined within the sole discretion of the University and there are no guarantees of an increase or adjustment. The Faculty Member is also entitled to such benefits that the University may choose to provide.

**Article IV.** This Article only applies if at any time this contract is in effect the Faculty Member gives the University notice that he/she elects to retire or resign at the end of the academic year for which this contract applies. Based on this Article only, the last date of the Faculty's employment will be May 25th. In addition, the timing of the Faculty Member's compensation will automatically be changed from payment over a twelve (12) month period to payment over a nine (9) month period, with the payments electronically deposited directly into a banking account designated by the Faculty Member, and the final payment will be made on June 1st. The payments under this contract will still be in equal installments, and the amounts will be adjusted as necessary to ensure that the Faculty Member still receives the full salary payment as set forth in Article III above. For Faculty Members governed by this Article, all benefits of any nature with the University will terminate on May 31st of the academic year governed by this contract.

**Article V.** For each year the contract is in effect, the term will begin August 15 and will continue in force through May 25 of the following year (the "**Term**"). The contract shall be automatically renewed for successive Terms unless written notice of separation is provided by one party to the other prior to the end of the then existing Term. This Agreement may also be terminated in the event of any material breach of this Agreement by the Faculty Member, or the Faculty Member's inability because of any incapacity to perform his/her duties. This Agreement shall be terminated immediately upon the death of the Faculty Member.

**Article VI.** Any notice required by this Agreement shall be made in writing and either personally delivered to the Faculty Member's office on campus, or mailed by certified mail, return receipt requested, to the Faculty Member's residence as last reported to the University.

**Article VII.** It is understood and agreed that no conditions other than those stated above shall be considered valid unless added hereto in writing and signed by all parties.

**St. Ambrose University**

Joan M. Lescinski, CSJ, President
Date: 4/22/19

Faculty Member Signature
Date: 5/1/19

Please return one signed copy to the Human Resources Office by May 10.

EXHIBIT

## SAINT AMBROSE UNIVERSITY VOLUNTARY INCENTIVE RETIREMENT FOR FULL-TIME FACULTY MEMBERS

Effective for the academic year ending June 30, 2020, a retirement incentive is being offered for voluntary retirement of all full-time faculty members who meet the eligibility requirements. The voluntary retirement will be in effect for academic year 2019-20, and there is no guarantee the incentive will continue into future academic years.

### Eligibility

Upon full retirement and on a completely voluntary basis, all full-time faculty members will be eligible to receive a retirement incentive if all of the following conditions are met:

- Those faculty members electing voluntary retirement must submit an application to the Vice President for Academic & Student Affairs by June 15, 2020 for retirement to begin on the later of the first day after expiration of their contract for 2019-20 or the eighth day after signed submission of this agreement.
- In order to be eligible for the Incentive, faculty members must meet all of the following requirements:
  - ➤ All full-time faculty members who will have reached age 55 on or before June 30, 2020;
  - ➤ The faculty member's age on June 30, 2020, plus years of full-time service with St. Ambrose University as of June 30, 2020, equals at least 76;
  - ➤ Application for retirement must be elected on or before June 15, 2020 by submitting paperwork to the Vice President for Academic & Student Affairs. Failure to submit paperwork by this date will render the employee ineligible for benefits under this incentive.

A faculty member who holds a full-time administrative position, such as President, Vice-President, Dean, or Director will continue to accumulate years of consecutive service during their term as an administrator. For individuals eligible for this incentive that retire as a full-time administrator, their latest one-year base salary will be adjusted to the level it would have been had they remained in their faculty position.

### Benefits

The incentive will be based upon the individual's most recent one-year base salary. The employee shall receive a benefit of 100% of the most recent 1-year base salary. Extended contracts or extra duty contracts are not considered base salary.

Faculty may elect to receive 12 or 18 equal monthly consecutive payments starting the month following their last full-time base contract payment. If the faculty member dies before the completion of these monthly payments, the remaining payments will be payable to his or her heirs.

The faculty member's benefits will not continue after the last day of the month of the faculty member's 2019-20 contract, subject to COBRA continuation. COBRA notices will be sent after benefits end.

A faculty member eligible to retire under this Incentive waives all future rights to apply for employment in a faculty position with St. Ambrose University with the exception of the right of performing adjunct contracts. At its sole discretion, the administration of St. Ambrose will retain the right to offer adjunct contracts to retired members during and after the voluntary retirement pay out period.

A faculty member, eligible to retire under this Incentive, waives any rights or claims, which he/she may have or ever claim to have arising under the Age Discrimination in Employment Act of 1967 (29 U.S.C. sec. 621, et seq.).

Faculty members electing this Incentive may enter into an agreement by executing the Voluntary Retirement Incentive Election and Beneficiary Designation Form.

St. Ambrose reserves the right to modify, suspend or terminate this retirement incentive in its entirety. This agreement is not retroactive. When a faculty member enters into this



EXHIBIT

tabbies®

incentive, he/she waives any requirement that he/she be given a certain period of notice prior to termination of his/her contractual or tenure rights.

An eligible faculty member's participation in this retirement incentive is completely voluntary.

In consideration of the sums and consideration set forth in the Voluntary Retirement Incentive, dated May 1, 2020, the terms of which are deemed set forth here, Employee waives any rights or claims the Employee may have arising under the Age Discrimination in Employment Act of 1967 and the Older Worker Benefit Protection Act. Employee does not, however, waive any rights or claims that may arise after this Designation Form. Further, by signing this designation, I waive the right to apply for employment in a full-time position except for adjunct positions, consultant services, or any other temporary part-time, or supplemental positions.

Employee, by the election of this retirement incentive, acknowledges the Voluntary Retirement Incentive provides benefits and consideration Employee is not otherwise entitled to pursuant to the law.

Execution of this Agreement contains a release of certain claims. Employee acknowledges he/she has not relied upon any representations made by St. Ambrose University or its agents, except as outlined in this Designation and the Retirement Resolution. By signing this Agreement, you acknowledge that St. Ambrose University has advised employee to consult with an attorney with regard to this Designation Form and the release of claims.

Employee understands that Employee has had 45 calendar days from the date of the Retirement Resolution, May 1, 2020, to consider and accept the Voluntary Retirement Incentive and execute the Designation Form. Employee further understands that employee may revoke this designation within seven (7) calendar days after signing it. Any such revocation must be in writing, signed by the Employee, and directed to the Vice President for Academic & Student Affairs. This seven-day revocation period may not be waived, and any revocation will result in no amounts being paid or given pursuant to this Designation Form or the Retirement Resolution. Therefore, this Designation Form will not become effective until the revocation period has expired. The Employee's intent is not revocable beyond the 7 calendar days, and the employee's intent to elect voluntary retirement will be deemed final and irrevocable after the expiration of 7 days from the date of Employee's signature.

By this Form, I hereby voluntarily resign my employment, cancel my 2019-20 contract, cancel any 2020-21 contract, and agree I have no right to continued employment after the election becomes effective. Therefore, I hereby elect voluntary retirement on the following date:

_X_ The later of the first day after expiration of my contract for 2019-20 or the eighth day after submission of this agreement.

I hereby elect to receive my incentive in equal monthly payments, as follows, to begin the first month after my last contract payment:
___ 12 Months
_X_ 18 Months

Date of this Designation:

5/21/2020

Signature of Faculty Member

**EXHIBIT 3**

## VOLUNTARY RETIREMENT INCENTIVE ELECTION AND BENEFICIARY FORM

**Primary Beneficiary/Beneficiaries (attach additional sheet if necessary) (to be divided equally unless otherwise designated):**

Name: MARY O'LEARY          Name: _____
Address: ▓▓▓▓▓▓▓▓▓▓          Address: _____
                            _____
Relationship: Wife          Relationship: _____
Share: 100%                 Share: _____

Name: _____      Name: _____
Address: _____   Address: _____
_____

Relationship: _____   Relationship: _____
Share: _____          Share: _____

**Contingent Beneficiary/Beneficiaries (attach additional sheet if necessary) (to be divided equally unless otherwise designated):**

Name: R▓▓▓ O'Leary          Name: J▓▓▓ O'Leary
Address: ▓▓▓▓▓▓▓▓▓▓          Address: ▓▓▓▓▓▓▓▓▓▓
Relationship: Daughter      Relationship: Son
Share: 50%                  Share: 50%

Name: _____      Name: _____
Address: _____   Address: _____

Relationship: _____   Relationship: _____
Share: _____          Share: _____

I HEREBY REVOKE ALL PRIOR DESIGNATIONS (IF ANY) OF PRIMARY AND CONTINGENT BENEFICIARIES.  I RESERVE THE RIGHT TO REVOKE OR CHANGE ANY BENEFICIARY DESIGNATION.

St. Ambrose University will pay all sums payable under the Retirement Incentive by reason of my death to the primary beneficiary(ies), if he or she survives me, and if no primary beneficiary survives me, then to the contingent beneficiary(ies), if he or she survives me, and if no named beneficiary survives me, then St. Ambrose University will pay to my estate all amounts due in accordance with the terms of the Retirement Incentive.  I understand that, unless I have provided otherwise above, St. Ambrose University will pay all sums payable to more than one beneficiary (either Primary or Contingent) equally.



EXHIBIT

tabbies



# Faculty Handbook

## St. Ambrose University
## Davenport, IA

*Revised March 2020 (changes from last version in blue)*



EXHIBIT

5

1

    c.   Duration of terms and rotation: Year One: replace one Arts and Sciences member and the Health and Human Services member; Year Two: replace the College of Business and the ACCEL members; Year Three: replace the other Arts and Sciences member and the other Health and Human Services member.

## 2.2.13 Faculty Handbook Committee

The Faculty Handbook Committee is one of the standing committees of the Faculty Assembly. Its purpose is to carry out continuing study of the Faculty Handbook and to be the channel for the amendment or revision of the Handbook. The Faculty Handbook spells out the rights and responsibilities of the faculty, and faculty contracts are construed and interpreted in light of the provisions of the Faculty Handbook.

This committee will meet when updates are required or requests are made that relate to Faculty Handbook issues.

### 2.2.13.1 Membership

The members of the Faculty Handbook Committee are as follows: five voting members – two faculty members from the College of Arts and Sciences, two faculty members from the College of Health and Human Services; and one faculty member from the College of Business. Members will serve two-year, overlapping terms.

### 2.2.13.2 Responsibilities

The duties and responsibilities of the Faculty Handbook Committee are to:

a.   Maintain and update the Faculty Handbook based on University policies and procedures as well as federal regulations governing employment and employers;

b.   Review proposals for changes to the Faculty Handbook for consistency and duplication with the Faculty Handbook, when requested to do so by the Faculty Assembly, and to report results to Faculty Assembly;

c.   Process proposed changes or amendments to the Faculty Handbook through the Faculty Assembly, with recommendation on adoption of said changes;

d.   Communicate with the appropriate faculty committees as deemed necessary; and

e.   Initiate whatever action is necessary to fulfill its duties and responsibilities.

## 2.2.14 Graduate Council

The Graduate Council is a body of the faculty in which matters of concern to graduate education may be discussed and the mission of graduate education at St. Ambrose fulfilled. The Graduate Council serves in an advisory capacity to the Dean of Graduate and Adult Education and the Office of Graduate Studies, in matters related to graduate education. The Graduate Council will serve in an advisory capacity on academic issues related to graduate education and as a primary voice for graduate faculty. The Graduate Council collaborates with PTS to develop, review, and support recommendations related to graduate faculty standards. The Graduate Council collaborates with EPC to review, establish, and update educational policies that govern graduate education. The Graduate Council recommends priorities for graduate education and



St. Ambrose University

# Faculty Handbook

## St. Ambrose University
## Davenport, IA

*Revised March 2020 (changes from last version in blue)*



EXHIBIT
6

1

Action Committee, or the President, the governing board, in determining what payments, if any, will be made beyond the effective date of dismissal, may take into account the length and quality of service of the faculty member.

### 3.5.15 Right of Appeal

If any faculty member feels that he/she has cause for grievance in any matter not covered by the procedures described in the foregoing regulations, he/she may petition the Faculty Grievance Committee for redress. The petition will set forth in detail the nature of the grievance and shall state against whom the grievance is directed. It shall contain any factual or other data which the petitioner deems pertinent to his/her case. The Grievance Committee will have the right to decide whether or not the facts merit a detailed investigation. Submission of a petition will not automatically entail investigation or detailed consideration thereof. The committee may seek to bring about a settlement of the issue satisfactory to the parties. If in the opinion of the committee such a settlement is not possible, or is not appropriate, the committee shall report its findings and recommendations to the petitioner and to the appropriate administrative officer, and the faculty body, and the petitioner will, at his/her request, be provided an opportunity to present his/her case to them

### 3.6. LAYOFF, TERMINATION AND RECALL PROCEDURES IN CASES OF CURTAILMENT OR FINANCIAL STRESS

It is understood that in a viable university, it may be necessary to adjust programs and staff through normal attrition. This adjustment may be accomplished by not renewing term contracts in specific departments. When the adjustment is ineffective in addressing the problem, it may be necessary for the University, because of substantial curtailment or discontinuance of a program or extraordinary financial stress, to retrench. Retrenchment means a necessary reduction in full-time faculty because of financial stress or lack of work.

### 3.6.1 Rationale for Program Curtailment or Redirection

When the administration thinks there is a bona fide state of financial stress, it shall consult with the Faculty Finance Committee to present its reasons for program curtailment or redirection. A serious disagreement between the Finance Committee and the administration over the proposed curtailment or reduction shall be resolved by the Board of Trustees according to its ordinary procedures.

### 3.6.2 Recommendation for Layoffs

With the concurrence of the Faculty Finance Committee (or the Board of Trustees), the administration will present to the PTS Committee its recommendations for specific layoffs. The administration and the PTS Committee will seek to solve the problem with minimal disruption of the educational programs of the University.

### 3.6.3 Order for Retrenchment

Recognizing that consideration must be given to the specialties of individuals in order to maintain a program, the following order for retrenchment will be followed: (In unusual

circumstances when special experience is essential to the department, this order may need to be modified.)

    a.  Part-time faculty.
    b.  Faculty Members on full-time temporary appointment.
    c.  Non-tenured faculty on continuing appointment in inverse order of continuous service with St. Ambrose.
    d.  Tenured faculty in inverse order of continuous service with St. Ambrose.
       When two or more faculty members in b, c, or d above have the same amount of continuous service, the faculty member with the lesser rank shall be the first to be laid off.

Before a probationary full-time or tenured full-time faculty member is retrenched, the University shall endeavor to place that person in another suitable position for which the faculty member has qualifications.

### 3.6.4 Rehiring Retrenched Faculty
The University shall not fill a teaching position which a retrenched faculty member is qualified to fill for a period of three years from the date of release without first offering the position to the retrenched faculty member and allowing three weeks for the individual to accept or decline the offer. The faculty member with appropriate qualifications, greater length of service and who claims the position available shall be re-employed. It is the responsibility of retrenched faculty to keep the President's Office apprised of the faculty member's current address. It is the responsibility of the President's Office to notify the retrenched faculty member if a new teaching position becomes available.

### 3.6.5 Written Notification of Layoff or Retrenchment
In the event that lay off procedures are to be instituted, all departments and faculty likely to be affected should be informed as soon as possible in writing. In any case, written notification shall be provided at least 60 days prior to any final retrenchment action initiated by the University. Faculty laid off following these procedures shall receive the following notice in advance of the effective date of their lay off:

    a.  Non-tenured faculty with less than one year of service shall receive at least four months notice of lay off.
    b.  Non-tenured faculty with less than two years but more than one year of service shall receive at least six months notice of lay off.
    c.  Tenured faculty and non-tenured faculty with more than two years of service shall receive at least 12 months notice of lay off.

### 3.6.6 Right to Appeal
Any faculty member who is to be affected by a retrenchment decision shall have the right of appeal to the PTS Committee before the action of lay off is final.

Administrative Release
(Letter of Right-To-Sue)

| To: | From: |
|-----|-------|
| PATRICK O'LEARY<br>722 RIDGEWOOD AVENUE<br>DAVENPORT, IA 52803 | ) <br> ) <br> ) Iowa Civil Rights Commission<br> ) Grimes State Office Building<br> ) 400 E. 14th Street<br> ) Des Moines, Iowa 50319 |
| Complaint CP# 10-20-75846          EEOC# 26A-2021-00085C | |

This is your Administrative Release (Right-To-Sue) Letter issued pursuant to Iowa Code § 216.16 and 161 Iowa Administrative Code Section § 3.10. It is issued pursuant to your request.

The conditions precedent found in 161 Administrative Code § 3.10(2) have been met.

With this Right-To-Sue Letter, you have the right to commence an action in district court. That action must be commenced within ninety (90) days of the Right-To-Sue Letter issuance date, 12/31/2020. The Right-To-Sue Letter is not a finding by the ICRC on the merits of the charge. The ICRC will take no further action in this matter.

A copy of the Right-To-Sue Letter has been sent to the Respondent(s) as shown below. The Administrative Rules allow any party to a complaint to request a copy of the file when a Right-to-Sue has been issued. The Administrative Rules allow any party to a complaint to request a copy of the file when a Right-to-Sue has been issued. If you or your attorney would like to obtain a copy of the file, please submit your request in writing via regular mail, fax, or email to icrc@iowa.gov. The copy and processing fees are as follows:

- Photocopy of investigative files - .25¢ per page; copies of digital recordings $15.00 per electronic storage device (hard copy); actual cost of postage; search/supervisory fee $26.00 per hour
- Scanned copy of investigative files - $15.00 for first 150-page batch; $10.00 for each 150-page batch thereafter; copies of digital recordings $10.00 per electronic storage device (electronic copy); search/supervisory fee $26.00 per hour

If you opt for an electronic copy, you must provide an email address in order to receive the copy.

The Iowa Civil Rights Commission
Phone: (515) 281-4121
FAX: (515) 242-5840
Email: icrc@iowa.gov

cc: File
    JOHN F. DOAK, Complainant's Attorney
    MIKKIE R. SCHILTZ, Respondent's Attorney
    ST. AMBROSE UNIVERSITY



EXHIBIT
7